UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor S.G.                                                  No. 26-cv-158 (KMM/DJF)

    Plaintiff,

v.                                                                       **ORDER**

Bondi, et al,

    Defendants.

This matter is before the Court on petitioner Victor S.G.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Victor S.G..'s habeas petition.

## Background

Petitioner Victor S.G. is a citizen of Ecuador who entered the United States in 2023.[2] [ECF 1, ¶ 38] He was encountered by Respondents, processed, then released from custody under an order of release on recognizance issued pursuant to Section 236 of the Immigration and Nationality Act (INA)(codified at 8 U.S.C. § 1226). [ECF 1, ¶ 39; ECF 2-1] The release order, dated August 6, 2023, included certain conditions Victor S.G. was required to follow and he did so. [ECF 1, ¶43] Victor S.G. was placed in removal proceedings. [ECF 1, ¶40]

---

[1] In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as Petitioner.

[2] The Court bases this factual recitation on the averments in the Verified Petition for a Writ of Habeas Corpus. [ECF 1] Respondents have provided no information or documentation about Victor S.G.'s detention, history, or status, opting to submit a one-page response to the petition that preserves its legal position for appellate review. [ECF 6]

Victor S.G. was arrested by ICE on or about January 9, 2026 here in the District of Minnesota. Respondents have offered no administrative warrant supporting the return of Victor S.G. to custody, nor alleged that he violated the terms of his release order. Additionally, there is no indication that he has a criminal record that would trigger detention pursuant to 8 U.S.C. § 1226(c) or any other provision. He alleges that Respondents are detaining him pursuant to 8 U.S.C. § 1225, despite having previously released him pursuant to § 1226.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and they refer the Court to a brief submitted in a case pending before the Eighth Circuit, *Avile v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). [ECF 5]

**Analysis**

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, and by many courts in this district. The government does not attempt to distinguish *Belsai D.S.,* implicitly and candidly conceding its relevance to Victor S.G.'s case. Instead the Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have

considered the matter. Of course, these issues are complex and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Victor S.G. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law. Respondents have pointed to no other provision that could alternatively support Victor S.G.'s current detention.

## Propriety of Immediate Release

Petitioner Victor S.G. alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest nor produced one to the Court. As another court in this district recently held "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026). Judge Tostrud in *Ahmed* concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and no allegation of a violation of the conditions of his previous release. Therefore the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(Order, January 12, 2026)(same).

The Respondents have neither provided an arrest warrant nor disputed whether such a warrant is necessary in their submission to this Court. The Respondents have also not pointed the Court to any basis in the law or the factual record for revocation of Victor S.G.'s previous release order. This is so despite the fact that the Court Ordered them to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition…." [ECF 4, ¶ 2a] And Respondents have been on notice of the legal importance of the absence of an administrative warrant in cases such as these since at least late December, when the

arguments were raised in similar cases in this District, and certainly since the decision in *Ahmed* a week ago ordering immediate release of a similarly situated petitioner. Therefore, the Court joins other courts in this District (and elsewhere) and finds that the proper remedy in this case is immediate release.[3]

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. Such release shall be on the same terms and conditions that governed Victor S.G. through the original OREC.

4. Finally, the Court **ORDERS** Respondents to file notice on the docket within 24 hours of Petitioner's release, confirming that the release has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: January 15, 2026         *s/Katherine M. Menendez*
                               Katherine M. Menendez
                               United States District Judge

---

[3] The Court suspects that the issue is not that the warrant exists and the government has simply not produced it. Instead, the record suggests that no warrant was issued for Victor S.G. because his detention was intended to be under § 1225, which does not have a parallel warrant requirement.